Fernando v. Haekkerup, et al.,

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand fifteen.

PRESENT:
> **GUIDO CALABRESI,**
> **PETER W. HALL,**
> **DEBRA ANN LIVINGSTON,**
> > *Circuit Judges.*

---

**Arjuna C. Fernando,**

> *Plaintiff-Appellant*,

> v. 13-3591

**Karen Haekkerup, Minister of Social Affairs and Integration, et al.,**

> *Defendants-Appellees*.

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Arjuna C. Fernando, *pro se*, Roskilde, Denmark |
| **FOR DEFENDANTS-APPELLEES:** | Peter L. Hessellund-Jensen, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Arjuna C. Fernando, proceeding *pro se*, appeals from the district court's judgment dismissing his complaint against Danish government officials for lack of subject matter jurisdiction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a dismissal for lack of subject matter jurisdiction. *Norex Petroleum Ltd. v. Access Indus., Inc.*, 631 F.3d 29, 32 (2d Cir. 2010). Here, the district court correctly held that it lacked jurisdiction over Fernando's complaint because none of the statutes, treaties, or theories cited by Appellant below conferred federal question jurisdiction. Appellant argues for the first time on appeal that 28 U.S.C. § 1332 is unconstitutional insofar as it denies to Americans domiciled abroad the ability to sue foreign officials in federal court. Congress is well within its powers, however, to define diversity jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 84 (2010). Section 1332 does not violate an individual's equal protection rights, and Congress had a rational basis for limiting the exercise of federal jurisdiction over claims that arise outside the United States—the need to respect foreign law as a matter of comity. *See Republic of Austria v. Altmann*, 541 U.S. 677, 688-89 (2004). Contrary to Appellant's argument, treaties do not supersede § 1332 under the Supremacy Clause because treaties are to be regarded as equivalent, not superior, to federal statutory law. *See Cheung v. United States*, 213 F.3d 82, 94 (2d Cir. 2000).

2

We have considered Appellant's remaining arguments and find them without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk